## Appeal of PENNSYLVANIA MATCH COMPANY

Docket No. 6537.    Decided September 22, 1926.

1. Evidence *held* insufficient to support claimed valuation of building for invested capital and depreciation purposes.
2. Commissioner's allocation of loss on account of returned merchandise approved.
3. Commissioner's adjustment of invested capital on account of prior years' taxes approved.

*Benjamin Mahler, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income and profits taxes for each of the fiscal years ended June 30, 1919, and June 30, 1921, in the respective amounts of $173.05 and $954.66. At the hearing that part of the petition relating to the year 1919 was withdrawn, leaving in issue only the deficiency of $954.66 for the fiscal year 1921. The petitioner alleges that the Commissioner erred (1) in refusing to accept the claimed value of a building for invested capital purposes and for the purpose of computing depreci-

ation; (2) in disallowing a part of a loss claimed on account of returned merchandise; (3) in reducing invested capital on account of taxes for prior years.

### FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation with its principal office at Bellefonte. It was organized in 1911 and succeeded a partnership which had been formed in 1899.

At the time of its organization the petitioner issued capital stock in the amount of $500,000, of which $77,499.20 was issued to cover an alleged excess of value of the building acquired over the value at which it was shown on the books of the partnership. The petitioner determined the value which it placed on its building by having an appraisal made by its superintendent, who is an engineer, the appraisal being made on the basis of the cost of replacing the building at that time when the cost of labor and materials was higher than in 1899 when the building was constructed. The stock of the corporation was issued to the former partners.

The Commissioner reduced the petitioner's invested capital by the amount of the claimed excess of $77,499.20 over the book value at the date of acquisition.

The petitioner marketed the matches which it manufactured through one jobber. During the year 1920 the jobber returned to the petitioner and made claim for several shipments of matches as being defective. The amounts of the returned shipments and the dates of their return to the factory were as follows:

| | |
|---|---:|
| March 23, 1920 | $2,826.54 |
| May 10, 1920 | 1,452.69 |
| May 25, 1920 | 239.57 |
| Sept. 30, 1920 | 1,262.76 |
| Dec. 31, 1920 | 442.04 |
| Total | 6,223.60 |

These amounts were carried as assets in the petitioner's accounts until April 1, 1922, when the total amount of $6,223.60 was charged off. At the time these returned shipments were received the petitioner accepted the jobber's statement that they were defective, but it stored them for some time and then inspected them and destroyed them.

The Commissioner restored to income for 1921 the amount of $4,518.80, representing that portion of the claimed loss made up of the shipments returned prior to the beginning of the fiscal year 1921.

In computing invested capital for the fiscal year 1921 the Commissioner deducted from the amount claimed $4,547.06 as representing additional tax for prior years.

OPINION.

ARUNDELL: The only evidence offered by the petitioner in support of its claim for the valuation of its building at a figure higher than that at which it was carried on the books of the predecessor partnership was the statement of the president of the company that an appraisal was made in 1911, the time of acquisition of the building, by the superintendent, who was an engineer. This evidence is not sufficient to permit our finding as a fact that the value of the petitioner's building is the amount which it claims, either as of the date of acquisition for invested capital purposes, or as of March 1, 1913, for depreciation purposes. *Appeals of Kilburn Lincoln Machine Co.*, 2 B. T. A. 363, and *Rockford Malleable Iron Works*, 2 B. T. A. 817.

The petitioner claims the right to deduct from income for the fiscal year ended June 30, 1921, all the shipments of defective matches which were returned during the calendar year 1920. Some of these shipments were received in the fiscal year 1920 and the total of the returned shipments was charged off in the fiscal year 1922. The evidence is to the effect that the petitioner accepted the word of the jobber that the matches returned were defective, although it later made an inspection and then destroyed them. Under this state of facts any loss on the returned shipments was sustained in the taxable year in which the shipments were received, and the amount of the loss on each shipment could have been then determined. Accordingly, we find no error on the part of the Commissioner in refusing to allow a deduction during the fiscal year 1921 on account of the shipments returned prior to the beginning of that year.

No evidence was offered to show that the computation of the Commissioner, whereby he reduced invested capital on account of taxes for prior years, is not in accordance with the method prescribed by article 845 of Regulations 62, which has been approved by section 1207 of the Revenue Act of 1926. *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment for the Commissioner.*